[No. 4625.]

AXELSON v. ANDERSON.

1. **Appellate Practice—Orders of Court—Record.**

The appellate court will not interfere with the action of the lower court in awarding appellee a writ of injunction and refusing to dissolve it, or in denying appellant's application for additional security, or in denying appellant's motion for continuance, or in denying his challenge to the array of jurors, where the facts upon which the court acted in making such orders are not before the court.

2. **Appellate Practice—Record—Pleading.**

Alleged errors of the trial court in overruling appellant's demurrer to appellee's counterclaim and in trying title will not be considered on appeal where the entire pleadings in the case are not before the appellate court.

3. **Appellate Practice—Oral Instructions—Objections.**
    Where appellant failed to object to oral instructions by the trial court at the time they were given he is not in a position to raise such objection on appeal.

*Appeal from the District Court of Phillips County: Hon. E. E. Armour, Judge.*

Mr. PHILIP ZIMMERMAN and Mr. ERNEST WILLIAMS, for appellant.

Messrs. ROGERS & BARRY, for appellee.

Mr. JUSTICE GUNTER delivered the opinion of the court.

Appellant sued to recover damages for alleged trespasses on realty. The action, by consent, was consolidated with one by appellee against appellant involving the same property. The issues in the trespass action went to a jury and were found for appellant, and the court resolved the issues in the second action mentioned for appellee. Judgment was for appellee for the land in question, $10 damages and costs. A preliminary writ of injunction issued in aid of the action brought by appellant, on hearing was dissolved by the court.

A writ of injunction was awarded appellee in his said action against appellant. This upon hearing the court refused to dissolve. The court denied appellant's application for additional security in the matter of the last mentioned writ of injunction. A motion for a continuance by appellant was denied; also appellant's challenge to the array of jurors. It is said that in all of these orders the court erred.

Sufficient reasons for declining to interfere with the action of the lower court are that the facts are not before us upon which any one of such orders was made, nor was an exception taken and embodied in the bill of exceptions as to any one of such orders.

It is said that the court erred in overruling appellant's demurrer to the counterclaim of appellee and in trying title in this action.

We are unable to pass on either of these questions because the entire pleadings in the case are not before us. The pleadings in the case brought by appellee against appellant are not even in the transcript of the record.

It is said the court erred in giving oral instructions. There was no objection made at the time the jury was charged to the giving of the instructions orally, and for this reason appellant is not in any position to complain.

It is said that the court erred in rendering judgment in favor of appellee. This we are unable to determine, because the entire evidence is not before us.

Judgment affirmed.          *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE MAXWELL concur.