[No. 4755.]

DOYLE v. NESTING.

1.  **Practice in Civil Actions—Instructions—Directing Verdict Orally.**

    It is not prejudicial error to orally direct a verdict for plaintiff at the close of the evidence, if the instruction is otherwise correct.—P. 524.

2.  **Appellate Practice—Oral Instruction—Waiver of Objection.**

    Where no objection was made at the time to an oral instruction directing a verdict, an assignment of error upon the ground that such instruction should have been in writing will not be considered on appeal, as such objection was thereby waived. —P. 524.

3.  **Contracts—Money Obligations — Interest—Notice—Statutory Construction.**

    Where a contract provided that the parties of the first part would pay the party of the second part a certain sum of money if the sum was not paid by a third party within a specified time,

and such third party failed to do so, it is not necessary to either make a demand upon such third party for payment or to notify the parties of the first part of such failure in order to mature the obligation so as to draw interest in accordance with Mills' Ann. Stats., § 2252, providing that creditors shall be allowed interest for moneys after they become due on any instrument in writing, as the money became due upon the failure to pay at the expiration of the specified time, and the allowance of interest from the date of the commencement of the suit does not constitute prejudicial error.—P. 526.

4. Practice in Civil Actions—Contracts—Negotiability—Real Party in Interest.

Where a contract provided that the parties of the first part would pay the party of the second part a certain sum of money if the same were not paid by a third party within a specified time, and the party of the second part assigned the contract by indorsement for a sufficient consideration, such assignee can sue thereon regardless of the negotiability of such contract, as he is the real party in interest.—P. 527.

5. Practice in Civil Actions—Contracts—Joint Obligations—Action Against One.

Where a contract provided that, in consideration of a certain sum of money having been paid to one of the parties of the first part, the parties of the first part would pay the same to the party of the second part if such sum were not paid by a third party within a specified time, such obligation of the parties of the first part is joint and several within Mills' Ann. Stats., § 2528, providing that joint obligations shall be joint and several, and, by the provisions of Mills' Ann. Code, § 13, the party of the second part may sue any one or more of them.—P. 527.

6. Evidence—Counter-claims—Mutual Demands—Statutory Construction.

Mills' Ann. Code, § 57, does not permit a partnership demand to be set up as a counter-claim against an individual liability. —P. 528.

7. Evidence—Written Contract—Contemporaneous Oral Agreement.

In an action upon a written contract providing that the parties of the first part would pay the party of the second part a certain sum of money if the same were not paid by a third party within a specified time, evidence that the party of the second part told defendant, at the time of the execution of the contract, that his signing the same was a mere matter of form, and that he would never be called upon to meet it, is inadmissible

in that it violates the rule that a written contract cannot be varied or contradicted by evidence of a contemporaneous oral agreement.—P. 529.

*Appeal from the District Court of Teller County.*
*Hon. Robert E. Lewis, Judge.*

Action by E. M. Nesting against James Doyle. From a judgment for plaintiff, defendant appeals.
*Affirmed.*

Mr. G. Q. RICHMOND and Mr. SCOTT ASHTON, for appellant.

Messrs. GUNNELL and CHINN, for appellee.

Mr. JUSTICE GUNTER delivered the opinion of the court:

This was an action upon contract. From a judgment for plaintiff the case is here.

1. At the close of the evidence the court orally instructed the jury to return a verdict for the plaintiff. The fact that this instruction was given orally is assigned as error. If this instruction was otherwise right, and as we shall see that it was, then no prejudice was worked by it not being given in writing; further the objection on such ground was waived by not being made at the time.—*Axelson v. Anderson,* 34 Colo. 234.

2. Interest at the rate of 8 per cent. per annum was allowed upon the contract from the date of the institution of the suit. It is said that no interest should have been awarded. The contract so far as pertinent to this and other grounds of reversal urged is as follows:

"Victor, Colorado, April 17, 1897.

"This memorandum of agreement, made and entered into by and between James Doyle, T. A. Harding and Tom Burke, parties of the first part,

and H. C. Hansen, party of the second part, witnesseth:

"That in consideration of the party of the second part paying to James Doyle the sum of $3,869.30 and other money by him advanced on a deal for The Little May claim, we agree with the said party of the second part if he is not reimbursed by The Little May Gold Mining Company for said sum of $3,869.30 that we will pay the same to said party of the second part on or before eighteen (18) months from date, * * *

"IN WITNESS WHEREOF the parties hereto have hereunto set their hands the day and year first above written.

"(Signed)    JAMES DOYLE.
            T. A. HARDING.
            TOM BURKE."

As seen the contract provided *inter alia*:

"We agree with said party of the second part if he is not reimbursed by The Little May Gold Mining Company for said sum of $3,869.30, that we will pay the same to said party of the second part on or before 18 months from date."

This suit was instituted Feb., 1899, more than 18 months after the making of the contract. It was admitted at the trial that neither the payee named in the contract, Hansen, nor his assignee, the plaintiff, had been paid by The Little May Gold Mining Company said sum of $3,869.30. According to the terms of the contract the obligors therein agreed to pay said sum on or before 18 months, unless The Little May Gold Mining Company had paid the same within such time. Non-payment by The Little May Gold Mining Company within the stipulated time was the condition precedent to the maturing of the contract against the obligors therein named. At the time of the institution of this action, the contract

sued on by reason of such non-payment had matured, and the money stipulated thereby to be paid was past due upon an instrument in writing. This contract was therefore within the statute of 1889, Mills' Ann. Stats., § 2252, which provides:

"Creditors shall be allowed to receive interest when there is no agreement as to the rate thereof, at the rate of 8 per cent. per annum, for all moneys after they become due, on any bond, bill, promissory note or other instrument in writing　*　*　*"

It is said that a demand for payment upon The Little May Gold Mining Company was necessary to mature the obligation. We think not; the only condition according to the terms of the contract necessary to mature the same was non-payment by The Little May Gold Mining Company, and this condition was satisfied. As stated, the happening of this condition rendered the money sued for past due upon an "instrument of writing." It is further said that notification to said obligors of nonpayment by The Little May Gold Mining Company was necessary to start the running of interest on the claim in suit. We think not, because such notification was not necessary to a maturing of such claim, and from its maturity under the statute, as it has been shown, it began to draw interest; but, however this may be, defendant suffered no prejudice from the absence of such notification, because the institution of this action was notice of nonpayment and the court below allowed interest only from the date of the bringing of this action.

There is nothing in *Dexter v. Vollins,* 21 Colo. 455, 459, *contra* this conclusion. The court there was considering the question of the allowance of interest, upon the theory that it had been awarded by the trial court upon a *quantum meruit* count for services rendered, and it declared the law to be that interest was

not recoverable on an unliquidated demand; further, that, even where under some of the authorities interest was recoverable on such a claim, it was only from the date of the demand of payment, and that the bringing of the action in that case was not such a demand as to start the running of interest. We conclude that no error prejudicial to the defendant was committed by the lower court in the allowance of interest.

3. It is said the written contract before us was not negotiable, therefore not assignable by indorsement.

Plaintiff did not rely alone upon indorsement of the written contract to show ownership in himself of the claim evidenced by the contract. He established, without contradiction, that he paid something over $3000 for an assignment of the contract and the rights evidenced thereby, and that he was the real owner of such rights at the time of the institution of this action. Plaintiff was the real party in interest and entitled to sue, regardless of the negotiability of the original contract.—*Austin v. Snider,* 17 Colo. App. 182, 184; *Best v. The Rocky Mountain National Bank of Central City, ante,* page 149.

4. This was a judgment against appellant individually. He says the obligation sued on was one of a partnership, of which he, appellant, was a member, and that a personal judgment could not be taken against him in this character of an action. Decisive of this contention is the fact shown, by undisputed testimony, that the obligation in suit was the joint and several contract in writing of the individuals, Doyle, Harding and Burke. This being true, plaintiff was entitled to sue any one or more of them.— 2 Mills' Ann. Stats., § 2528; Mills' Ann. Code, § 13.

The facts showing this an individual and not a partnership obligation were these: Defendant Hard-

ing and Burke and two other parties were partners, engaged in developing certain mines. As between the partners, one-fourth of the expense so incurred was to be borne by Harding and Burke, and one-fourth by Doyle. To pay the one-fourth against Harding and Burke, Doyle had borrowed money by giving his note, and with the money so obtained had paid off such indebtedness against Harding and Burke. Hansen loaned Doyle, Burke and Harding the amount named in the contract sued on, to repay Doyle the amount so paid out by him, giving a check payable to Doyle for the amount named in the contract, of which check Doyle availed himself. In consideration of the giving of this check the contract sued on was made.

5.  Some effort was made to show that defendant Hansen and certain other parties were members of a mining partnership, and that, upon accounting, Hansen was indebted to the partnership in a sum in excess of the amount here sued for. The court refused to receive the evidence. Its action was proper, because the offer was in effect an attempt to set up, as a counter-claim, a partnership demand against an individual liability. This is not permitted.—Mills' Ann. Code, § 57.

6.  Appellant testified that Hansen said to him at the time of his execution of this contract that his—appellant's—signing the contract "was a mere matter of form," and that he "would never be called upon to meet it." Hansen denied making such statement. Counsel say that this testimony presented a question of fact constituting a defense, which should have gone to the jury. That such parol statement, if made, constituted a defense we cannot agree. Harding, one of the obligors, had given Hansen a mortgage upon certain real estate to secure him in

advancing the money recited in the contract, and if the statement mentioned was anything more than a mere expression of opinion that Hansen had sufficient security in the mortgage, and if it amounted in effect as appellant contends, it constituted merely a contemporaneous parol agreement that appellant was not obligated conditionally or otherwise to pay the amount nominated in the written contract. By the written contract appellant had bound himself conditionally to pay the amount stated therein. By this contemporaneous parol agreement, if the evidence directed to it is given the effect claimed for it by appellant, the written contract is directly contradicted; that is, appellant was not obligated as recited in the contract. To hold this evidence constituted a defense, and that the contract sued on could be so defeated, would be to violate the rule that a written contract cannot be varied or contradicted by evidence of a contemporaneous oral agreement.— *St. Vrain Stone Co. v. Denver R. R. Co.,* 18 Colo. 211; *First National Bank of Nephi v. Foote et al.,* 12 Utah 157; *Bryan v. Duff,* 12 Wash. 233; *Forsythe v. Kimball,* 91 U. S. 291.

To sum up: The undisputed evidence showed the written promise of appellant, based upon a valuable consideration, to pay upon a named condition the amount awarded by the verdict and judgment below; further, that the promise at the time of the institution of this suit had become an absolute one. As no defense, affirmative or negative, was shown, or offered to be shown, to the cause of action thus proven, the court rightly directed a verdict.

The judgment, in accordance with the verdict, is affirmed.                                    *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE MAXWELL concur.