No. 22179.

Douglas L. Brott *v.* Dean Roadhouse.
(414 P.2d 914)

Decided May 31, 1966.

David B. Richeson, John H. Williamson, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

DEAN ROADHOUSE brought an action to recover wages allegedly due him from Douglas L. Brott for services allegedly rendered to Brott and one John E. Cline. Cline and Brott were engaged in greyhound racing activities and Roadhouse was employed as a trainer of racing dogs. His claim was based on the following written instrument:
"5-8-64
"Dean Roadhouse will receive $75.00 per week starting 5-11-64 until 6-1-64 then will go to $100.00 per week until 6-8-64. Then it will be at $125.00 per week or more as long as he is trainer for us, Douglas Brott & John Cline.

"Trainer   /Dean Roadhouse/
"Owners   /Douglas Brott/
/John E. Cline/"

█ Upon trial to the court it was adjudged that the sum of $600 was due and owning under the contract of employment and that the defendant Brott was liable for the payment thereof. Cline was not made a party to the action, but he was not a necessary party. The instrument above quoted created a joint and several obligation and the claim could be asserted against either or both of the "owners." C.R.S. 1963, 76-1-1. *Doyle v. Nesting,* 37 Colo. 522, 88 Pac. 862.

█ The evidence relating to pertinent facts in this case was sharply disputed. Basically, the argument advanced for reversal of the judgment is that the trial court gave credence to evidence which, though admissible, was unworthy of belief. Credibility of witnesses is for the trier of facts, and a judgment supported by competent evidence will not be disturbed on review. We cannot say as a matter of law that the judgment is without support by competent evidence.

The judgment is affirmed.

MR. JUSTICE PRINGLE concurs in the result.