[No. 2300.]

## HOUGHTON v. ELLIS.

**Assignment for Benefit of Creditors—Debts Discharged—New Promise—Authority of Counsel to make—Evidence.**

Evidence that plaintiff's counsel called upon defendant, in reference to an indebtedness owed by defendant to plaintiff, but which had been discharged by an assignment for the benefit of creditors, and that defendant declined to discuss the matter with plaintiff's counsel, but referred him to her own counsel, was not sufficient to show authority of defendant's counsel to bind defendant by a new promise to pay the debt.

*Error to the District Court of Arapahoe County.*

Messrs. STUART & MURRAY, for plaintiff in error.

Mr. HALSTED RITTER, for defendant in error.

GUNTER, J.

Plaintiff in error (defendant) was indebted to defendant in error, which indebtedness was discharged in an assignment proceeding under our statute. Thereafter, it is alleged, a new promise was made by defendant to pay the indebtedness so discharged, and upon such new promise is this action. Plaintiff had judgment. Defendant appeals.

The new promise, if made, was made by counsel for defendant. Assuming that the promise testified to was otherwise sufficient to sustain this action—which we do not decide—there is no evidence that counsel had authority to make it. Counsel for plain-

tiff called upon defendant in reference to the collection of the .original debt; defendant declined to discuss the matter, said she had counsel, and directed plaintiff's counsel to see him.

This is the gist of the evidence as to authority of counsel to make the alleged promise. It amounts to nothing more than defendant saying she had counsel and requesting the conference to be had with him. She did not thereby say that counsel had authority to make a promise renewing the indebtedness.— Weeks on Attorneys (2d ed.), secs. 215-219.

While the making of the promise is denied by counsel for defendant, it is not necessary to consider the issue thus made. The absence of evidence of authority in counsel to make the alleged promise is sufficient ground for reversing the case.

*Reversed.*