[No. 5901.]

## SHULER v. ALLAM.

1. **Pleadings—Judgment on Pleadings—**Judgment will not, on mere motion, be awarded for defects in the complaint. The motion for judgment cannot be made to perform the office of a demurrer.—(376)

2. **Contracts — Construction —** Where the words are unambiguous, technical rules of construction have no place; the meaning of the parties is to be drawn from their expressions.—(377)

Defendant assigned to plaintiff the undivided one-sixteenth of certain mining interests, declaring that the same "is represented to be and is one-sixteenth of the entire interest of said partnership, and of any corporation now formed or hereafter to be formed," by virtue of certain agreements with a third person, which were recited. Held, plaintiff was entitled to one-sixteenth of the stock of a corporation afterwards formed, pursuant to the agreements; that defendant having yielded more than one-half to others assisting in the promotion of the enterprise, was liable to plaintiff for the value of the stock to which he was so entitled, and which was not delivered to him.—(377)

3. **Pleadings—Prayer—**Where the parties are before it, it is the duty of the court to render such judgment as the pleadings and the evidence warrant.—(378)

*Error to El Paso District Court*—Hon. ROBERT E. LEWIS, Judge.

Messrs. HALL & THAYER, Mr. W. C. WRIGLEY, for plaintiff in error.

Messrs. ORR & CUNNINGHAM, for defendant in error.

Defendant in error, plaintiff below, brought suit against the plaintiff in error, as defendant, to recover for the alleged breach of a contract entered into between the parties. This contract recites that Shuler, the defendant, had secured certain options and leaseholds on lands in the vicinity of Raton, N. M., supposed to contain oil, and that, for the purpose of developing the same, had entered into an agreement with Bonbright & Company, whereby he had agreed to transfer to them all his right, title and interest in and to such lands, in consideration of which Bonbright & Company had agreed to pay the expenses of exploiting the lands, and the formation of a company or companies, to take over the same. It further recited that, by the contract between Shuler and Bonbright & Company, Shuler and his assigns owned one-half of all rights, privileges and equities existing by virtue of such contract. The contract between Shuler and Allam then continues:

"Now, therefore, it is the intent and purpose of this indenture, that, whereas, John S. Allam has paid unto the said James J. Shuler the sum of one dollar and other valuable considerations, the receipt whereof is hereby confessed and acknowledged, the said Shuler agrees and does hereby sell, assign, transfer and set over unto the said Allam all his right, title, interest and demands whatsoever in and to an undivided one-eighth of the said one-half interest hereinbefore referred to, and the said one-eighth of the said one-half interest is represented to be, and is, one-sixteenth of the entire interest of said partnership, and of any partnership, company, organization or corporation now formed or hereafter to be formed, under and by virtue of the agreements now made and existing affecting the rights, privileges and equities herein transferred."

In his complaint, the plaintiff, after setting out the foregoing contract, alleged that he paid the defendant, as a consideration therefor, the sum of $1,000.00. He further alleges that thereafter the defendant, together with Bonbright & Company, under the agreement between them above referred to, organized two corporations, one of which had a capital stock of 3,000,000 shares, and the other a capital stock of 1,500,000 shares. He also alleges that he had demanded from defendant 281,200 shares of the capital stock of such corporations, but defendant had totally failed, and refused to deliver it. He also alleges that the reasonable market value of such stock was the sum of two cents per share.

For answer, the defendant admitted the execution of the contract, the payment of $1,000.00, and the organization of two corporations, under and by virtue of his agreement with Bonbright & Company. He denies that such corporations were organized by Bonbright & Company and himself, but admits that they participated, with many others, in effecting such organizations; admits that the capital stock of these corporations is the same as that alleged in the complaint; avers that the corporate name of one of such corporations is The New Mexico Land, Oil & Development Company, with a capital stock of 3,000,000 shares, and the other The Raton Oil & Gas Company, with a capital stock of 1,500,000 shares. He then avers that he had tendered plaintiff 93,750 shares of stock of the first named corporation, and 9,375 shares of the second. He further denies that the value of the stock of such corporations is the sum of 2 cents per share. As a separate defense, he alleged the execution of the contract set out in the complaint, and that, in pursuance of his contract with Bonbright & Company, the corporations above referred to were organized

and capitalized as above stated, and the property held by him conveyed to such corporations under an arrangement whereby one-half of the stock of The New Mexico Land, Oil & Development Company was set aside as treasury stock, and 9-10 of the stock of The Raton Oil & Gas Company retained as treasury stock; that the remaining stock of these corporations was delivered to and received by defendant for himself and Bonbright & Company, and that of the stock so delivered he had transferred more than one-half to others who had assisted in the promotion of such companies. He further avers that he notified plaintiff prior to the commencement of his action that he would cause to be issued to him certificates of stock in The New Mexico Land, Oil & Development Company for 93,750 shares, and in The Raton Oil & Gas Company a certificate for 9,375 shares; that he has caused such certificates to be issued; that the shares thereby transferred represent 1-16 of the entire amount of stock received by him, and more than that proportion of the stock left to be divided between Bonbright & Company and himself, after the delivery to others of stock for assisting in the promotion of the corporations. He then avers that he tenders these certificates of stock which he caused to be made out in the name of plaintiff, and places the same in the possession of the clerk of the district court in which the action was brought, to be delivered to the plaintiff upon his demand.

No replication was filed by plaintiff, and, at the conclusion of his case, the defendant filed a motion for judgment on the pleadings, which was denied. In support of this motion, various grounds were assigned, all of which, however, are based upon the one proposition that, the allegations of the answer not being denied, it appears from the averments

thereof that the defendant has stated a defense
which entitled him to a judgment in his favor. The
court rendered judgment, directing the clerk to turn
over to the plaintiff the certificate of stock deposited
with him by the defendant, and for damages in the
sum of $937.50. The defendant brings the case here
for review on error.

Mr. JUSTICE GABBERT delivered the opinion of
the court:

The first error assigned by defendant is that the
court erred in overruling his motion for judgment
on the pleadings. It is suggested that this motion
should have been sustained because the complaint
does not state a cause of action. A motion for judg-
ment on the pleadings cannot be converted into, or
take the place of, a general demurrer.—*Harris v.
Harris,* 9 Colo. App. 211; *Mills v. Hart,* 24 Colo.
505; *Rice v. Mush,* 16 Colo. 484; *Cornett v. Smith,*
15 Col. App. 53; *Hoover v. Horn, ante,* 288.

Whether or not the ruling of the court, in deny-
ing defendant's motion for judgment on the plead-
ings, was correct, depends upon a construction of the
contract sued upon. The contention of counsel for
defendant, is that the averments of the answer not
having been denied, it appears that all the stock to
which plaintiff was entitled had been tendered; in
other words, that plaintiff was not entitled to 1-16
of the capital stock of the corporations, but only 1-16
of the stock thereof received by Bonbright & Com-
pany and defendant. The rules of construction of
contracts invoked by defendant, where a contract is
ambiguous, uncertain, or contains repugnant clauses,
are not applicable, for the reason that the contract
in question is in no sense ambiguous, nor does it con-
tain clauses which are repugnant to each other. The
first and main rule to be observed in the construction

of a contract is, that the intent of the parties thereto as expressed in the words they have employed, shall govern, and where the words so employed clearly exhibit the intention of the parties, there is no need for applying any technical rules of construction, for where there is no doubt, there is no room for a construction other than that which the language of the contract imports.—9 Cyc. 577.

It appears from the contract that the defendant was the owner of an undivided one-half interest in all rights acquired by virtue of the contract between himself and Bonbright & Company. He sold and transferred to plaintiff his right, title and interest in and to an undivided one-eighth of his one-half interest, and, in order that there might be no question regarding the interest which he sold to plaintiff, he covenants in his agreement that "the said one-eighth of the said one-half interest is represented to be, and is, a one-sixteenth of the entire interest of said partnership, and of any partnership, company, organization or corporation now formed, or hereafter to be formed under and by virtue of the agreements now made and existing affecting the rights, privileges and equities herein transferred."

There can be no doubt, from this language, but that defendant agreed to transfer to the plaintiff one-sixteenth of the entire capital stock of any corporation or corporations organized to take over and exploit the lands mentioned in the contract between Bonbright & Company and the defendant, and to which such lands were conveyed. Under the contract sued upon, and the facts admitted by the pleadings, plaintiff was entitled to 187,500 shares of the capital stock of The New Mexico Land, Oil & Development Company, and 93,750 shares of the capital stock of The Raton Oil & Gas Company. The court did not

err in overruling the defendant's motion for judgment on the pleadings.

It is also urged on behalf of the defendant that the court erred in rendering a judgment for the stock tendered and also for damages for breach of the contract. If the construction of the contract contended for by defendant was correct, the judgment would be erroneous, but the plaintiff was entitled to a judgment for the value of the stock which, according to the terms of the contract, the defendant has not transferred to him.

It is finally urged that the judgment does not conform to the pleadings. The issues between the parties, as formulated by the complaint and answer, were the number of shares of stock to which the plaintiff was entitled by virtue of the contract sued upon, and the damages which plaintiff should recover for so much of the stock to which he was entitled as had not been turned over to him by the defendant. The judgment is in accord with these issues. It is the duty of the court, when the parties are before it, to render such judgment as the pleadings and evidence warrant.—*Kayser v. Maughan*, 9 Colo. 232; *Becker v. Pugh*, 9 Colo. 589; *Ross v. Purse*, 17 Colo. 24; *McClure v. La Plata Co.*, 23 Colo. 130; *Waterbury v. Fisher*, 5 Col. App. 363.

The judgment of the district court is affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE HILL concur.