### No. 9170.

### WOLF TONGUE MINING COMPANY *v.* INMAN ET TAL.

1. CONTRACT—*Construed.* Defendant leased certain mining premises, to plaintiff who agreed to pay the lessor, for all marketable ores delivered by him "upon the terms and conditions of its schedule of prices paid at its mill, at the time of shipment." *Held* that nothing in the writing warrants the inference that the parties intended that defendant's schedule should conform to the market price.

2. EVIDENCE—*Parol Not Admissible.* To show what was intended by a contract in itself unambiguous.

*Error to Boulder District Court, Hon. Neil F. Graham, Judge.*

Mr. T. A. McHARG, Mr. B. F. REED, Mr. C. M. HAWKINS, Mr. HORACE N. HAWKINS, for plaintiff in error.

Messrs. TEDROW & FITZGERALD, for defendants in error.

Opinion by Mr. Justice Allen:

THIS is an action which was brought upon a written contract, in the nature of a mining lease, by the lessees, hereinafter referred to as the plaintiffs, against the Wolf Tongue Mining Company, defendant and lessor, to recover "the market price of certain tungsten ores," which had been delivered by the plaintiffs to the defendant under the contract. The plaintiffs prevailed in the trial court, and defendant brings error.

Numerous errors are assigned, but the only question that need be determined is whether or not the written contract in question permits a recovery upon the theory taken by the plaintiffs, or, in other words, provides for the payment of the prevailing market price for the ores delivered. In this connection, the language of the contract is as follows:

"The lessees covenant and agree * * * to deliver all marketable are * * * * which * * * shall be accounted for by the lessor upon the terms and conditions of its schedule and announcement of prices being paid by it at its said mill at the time of shipment."

It is shown by the record that the defendant did have and maintain a schedule and announcement of prices for tungsten ore delivered to it. It is conceded that the plaintiffs received payment for ores delivered by them in the amount fixed by such schedule and announcement, but they proceed upon the theory that the contract means that the schedule and announcement should correspond with the prevailing market price. The language of the contract admits of no such construction. There is nothing in the contract showing that the parties intended to make the sched-

ule and announcement of prices at all times conform to the prevailing market price. It was left to be fixed by the defendant alone. The language employed in the contract cannot by any rule be construed to mean that the defendant should pay the market price, or that any price was intended other than the one scheduled and announced by the defendant. The provision as to the price to be paid is plain and unambiguous. As said in *Shuler v. Allam*, 45 Colo. 372, 101 Pac. 350:

"Where the words  *  *  * employed clearly exhibit the intention of the parties, there is no need for applying any technical rules of construction, for where there is no doubt, there is no room for construction other than that which the language of the contract imports." ·

The contract plainly fixing the price at the defendant's schedule and announcement of prices being paid by it at its mill at the time of shipment, parol evidence was not admissible to show that the parties intended or agreed that the announced prices should correspond with the prevailing market prices. Such evidence would merely add to the terms of the written contract, instead of explaining any of the expressed terms alleged to be ambiguous.

For the reason above indicated, the judgment is reversed and the cause remanded with directions to dismiss the action.

*Reversed.*

Chief Justice Garrigues and Mr. Justice Bailey concur.

Decided May 5, A. D. 1919. Rehearing denied July 7, A. D., 1919.