No. 20569.

Evelyn D. Burns *v.* Franklin D. Burns.

(392 P.2d 662)

Decided June 8, 1964.

Mr. Carl H. Noel, for plaintiff in error.

Messrs. Hiester, Tanner and Clanahan, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

PLAINTIFF in error, hereinafter referred to as Evelyn, was the defendant in an action for divorce commenced by the defendant in error, who will be referred to as Franklin. A divorce decree was entered on July 8, 1958. The parties entered into an agreement under the terms of which the property rights of the parties were settled, and the conditions of said property settlement were incorporated in the decree of divorce.

The instant controversy arises out of the claim of Evelyn that Franklin failed to make certain payments to her as called for by the contract under paragraphs IV, X and XIV thereof. Said paragraphs contain the following pertinent language:

"IV.

"If requested to do so by Plaintiff, Defendant shall sign for filing a joint Federal income tax return for the calendar years 1957 and 1958. All income taxes due on said 1957 and 1958 returns shall be paid by Plaintiff, provided that should any tax liability result from the property settlement agreement entered into by the parties, each party shall pay his or her tax resulting therefrom."

"X.

"(d) Plaintiff shall pay to Defendant the sum of $27,736.00 in cash as follows: $7,736.00 upon the execution of the Agreement, the balance of $20,000.00 within thirty (30) days after the date of the execution of this Agreement, and shall pay thereafter in cash the sum of $20,000.00 each year for four years. Each subsequent payment shall be made on the anniversary date of the signing of the Agreement."

"XIV.

"Plaintiff shall pay to David Rosner as and for attorney's fees for services rendered to Defendant in full the

attorney's fees agreed upon by the parties, said fees to be paid within thirty (30) days from the date of the signing of the Agreement."

On June 27, 1962, Evelyn filed a "Motion for Judgment" in which she alleged that Franklin had failed to make the payment of $20,000.00 which was due on June 25, 1959, under the terms of the property settlement; and that she was entitled to reimbursement for attorney's fees in the sum of $1,500.00, which Franklin refused to pay.

Hearings were held on the said Motion for Judgment, and evidence was received in support of the claim made by Evelyn. She testified that she had never received the $20,000.00 due her on June 25, 1959. Three checks payable to her and signed by Franklin were identified by her. Two of said checks were never cashed by Evelyn because when they were presented to her there were conditions typewritten above the line for her endorsement which were unacceptable to her, and which were not in conformity with the terms of the property settlement. The third check identified as Exhibit "B" was introduced in evidence. The check was typewritten, and on its face was payable to Evelyn. It was signed by Franklin and drawn on his account in the First National Bank of Denver. On the back of the check the following was typewritten above the endorsement of Evelyn: "Pay to the Order of District Director of Internal Revenue." The check was deposited in the usual course of business by the Director of Internal Revenue, and the proceeds thereof went to the federal government as part payment on income taxes as reflected by a joint income tax return which Evelyn had signed in compliance with Paragraph IV of the property settlement. However, under the agreement all income taxes due under said joint return were to be paid by Franklin.

It is clear that no money was ever received by Evelyn by reason of the check bearing her endorsement

as above stated. It was not an unconditional payment to her as called for by the property settlement. She explained that at the time she affixed her signature to the check, she believed that there was to be delivered to her another check for $20,000.00, and the evidence shows a very good reason for her thinking that such was the case. All this occurred in the office of her attorney. She did not take possession of the check which was cashed by the Collector of Revenue. The entire conference took about five minutes, and someone left with the check. When the other parties in the conference had left the office, she and her attorney looked for the other check which was to be made to her, but it was nowhere to be found.

At the close of the evidence offered in support of the Motion for Judgment, counsel for Franklin moved for judgment, reserving the right to put on evidence on his own behalf in the event the motion should be denied. It was his position that the endorsement of Evelyn constituted a payment, and the check, Exhibit "B," having been cashed following her endorsement prevented her from asserting that she had not received the proceeds derived therefrom.

The trial court erroneously agreed with this argument of counsel and entered judgment in favor of Franklin.

Under the state of the record at the time Franklin's motion was granted, it was undisputed that Evelyn did not receive any of the money represented by the check in question and that the entire amount thereof was received by the Collector of Revenue in payment for income taxes which only Franklin was obligated to pay. Under the record before us Franklin seeks to pay two separate obligations with but one actual payment. He definitely discharged his individual obligation for income taxes by securing the conditional endorsement of Evelyn to a $20,000.00 check, when she believed another check was to be delivered to her in a like sum which she could

deposit to her own account. The second check was not delivered.

It may be that if the trial court had denied the motion for judgment made by counsel for Franklin (as the court should have done) a defense to Evelyn's claim might have been shown by evidence adduced by him.

Counsel for Franklin reserved the right to call witnesses, and he must be afforded an opportunity to do so.

We have carefully read the record as it pertains to the claim for reimbursement of attorney's fees, and we find nothing which requires a reversal of the judgment of the trial court denying that claim.

The judgment of the trial court relating to the claim for $20,000.00 is reversed and a new trial thereon is ordered.

The judgment is affirmed insofar as it relates to the claim for attorney's fees.

MR. CHIEF JUSTICE MCWILLIAMS and MR. JUSTICE SUTTON concur.