No. 20790.

HEDVIG E. SODERBERG, ET AL. *v.* C. K. VERDOS.
(405 P.2d 946)

Decided September 27, 1965.

PHILIP A. ROUSE, for plaintiffs in error.

WILLIAM A. BLACK, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE refer to plaintiffs in error as defendants, and to defendant in error as plaintiff.

Plaintiff's complaint sought judgment upon a promissory note given by defendants as part payment for the purchase of 2,480 acres of land in Elbert and Douglas Counties. The land was being purchased by defendants for subdivision purposes. The purchase contract provided for the payment of $87,000 as a down payment and also provided for the balance to be paid by note and trust deed with certain partial release rights to be given to the purchasers. At the time of closing, on March 23, 1962, the defendants paid $78,000 in cash and gave an unsecured note in the amount of $9,000 which was to become due on September 1, 1962. The balance of the purchase price of $300,000 was covered by an installment note and secured by a trust deed, which contained a clause providing for partial release from time to time upon performance of certain conditions by defendants. The $9,000 note was not paid when it became due, and plaintiff sought judgment based thereon.

In their answer, defendants interposed a defense, setoff and counterclaim, the maintenance of which depended upon the use of extrinsic or parol evidence to vary the terms of the note and trust deed. At the pretrial conference the court declared the clause in question to be free of ambiguity, and ruled that extrinsic evidence would not be admitted. At the trial that ruling was adhered to by the court, and judgment entered for the plaintiff as prayed for in the complaint.

The clause in the installment note and which was by

reference incorporated in the trust deed, provided as follows:

"The holder * * * of this note shall also release in parcels of a minimum of 80 acres and a maximum of 110 acres from the lien of the deed of trust land, as designated by the undersigned (maker) whenever the undersigned shall deposit in escrow third-party contracts of sale of land securing this note, *which contracts shall have balances due on said contracts in the amount of One Hundred Twenty-five Dollars for each acre in the parcel to be released.* * * *" (Emphasis added.)

A reading of the entire record in this case leads us to conclude that the tender of contracts made by defendants at the time they requested releases did not meet the requirements as stated in the above quotation. The clause in the note and trust deed was not and is not ambiguous. Extrinsic evidence was therefore not admissible to vary the terms of the instruments in question.

We have repeatedly held that:

"Where the words * * * employed clearly exhibit the intention of the parties, there is no need for applying any technical rules of construction, for where there is no doubt, there is no room for construction other than that which the language of the contract imports."

*Wolf Tongue Mining Co. v. Inman,* 67 Colo. 406, 408, 182 Pac. 16; *Shuler v. Allam,* 45 Colo. 372, 377, 101 Pac. 350.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE SCHAUER concur.