481 P.2d 428 (1971)
G. M. SOLLENBERGER, Trustee, Plaintiff in Error,
v.
AA CONSTRUCTION COMPANY and Phil Smith, Defendants in Error.
No. 70-164.
Colorado Court of Appeals, Div. I.
January 5, 1971.
Rehearing Denied February 2, 1971.
Trott & Kunstle, Robert M. Isaac, Colorado Springs, for plaintiff in error.
Evans, Peterson & Torbet, Paul V. Evans, Colorado Springs, for defendants in error.
Not Selected for Official Publication.
PIERCE, Judge.
Plaintiff in error was cross-claimant and defendants in error were cross-defendants, below, in an action arising from a suit to foreclose mechanics liens asserted by several claimants (not parties to this appeal) in connection with construction of a shopping center; they will be referred to hereinafter by name.
The facts underlying this appeal are as follows:
In October of 1966, Sollenberger and two associates obtained certain land upon *429 which they undertook to construct a shopping center. In furtherance of this endeavor, they engaged an architect and, after conferences with him, contracted with AA Construction Co. (through its president, Philip Smith) and also with Philip Smith and Shirley Smith, individually, to do the general construction work.
The contract was of a standard type published by the American Institute of Architects, and contained, among others, the following provisions: (1) a date of completion; (2) assessment of penalties for late completion ($200 per each day late); and (3) a procedure for resolution of disputes between the parties.
The procedure for resolution of disputes was substantially as follows: Any dispute over interpretation of, or performance under, the contract was to be submitted to the architect, who, in the capacity of an impartial judge, would then render his decision to the parties. In certain areas not here relevant, the architect's decisions were binding; but in most other areas, including those pertinent to the instant case, the following "appellate" provisions governed:
"2.2.10 Any claim, dispute or other matter that has been referred to the Architect * * * shall be subject to arbitration upon the written demand of either party. However, no demand for arbitration of any such claim, dispute or other matter may be made until the earlier of:
".1 the date on which the Architect has rendered his decision, or
".2 the tenth day after the parties have presented their evidence to the architect if he has not rendered his written decision by that date.
"2.2.11 If a decision of the Architect is made in writing and states that it is final but subject to appeal, no demand for arbitration of a claim, dispute or other matter covered by such decision may be made later than 30 days after the date on which the party making the demand received the decision. The failure to demand arbitration within said 30 days period will result in the Architect's decision becoming final and binding upon the Owner and the Contractor.
* * *
"7.10.1 All claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof * * * shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining. This agreement so to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in any court having jurisdiction thereof.
"7.10.2 Notice of the demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association, and a copy shall be filed with the Architect. The demand for arbitration shall be made within the time limits specified in Subparagraphs 2.2.10 and 2.2.11 where applicable, * * *." (Emphasis added).
Disagreements eventually developed over late completion of the project, and over the amount of penalties, if any, to be assessed against the contractors therefor; and, also, over the quality of workmanship in certain parts of the project. Correspondence and phone conversations were exchanged between the architect and the parties, after which, on April 29, 1968, the architect, by letter, informed the parties of his decision with regard to the matter of late completion penalties; but made no comment on the matter of workmanship quality. His decision on the late completion issue in effect held that no penalties were due, because excusable delays, measured in days, more than offset the number of days the *430 project went beyond the completion date. His letter, however, did not state that his decision was final and subject to appeal, as required by § 2.2.11, supra. Although both prior and subsequent to the architect's letter, various communications passed between the parties, Sollenberger and his associates never formally demanded arbitration as an appeal to the architect's decision, under the sections quoted, supra; nor did they pay the approximately $22,000 allegedly due on the balance of the contract price. Consequently, liens were asserted, culminating in the instant foreclosure action.
As named defendants in the original foreclosure action, the parties then cross-claimed against each other. Under their respective claims, AA Construction Co., and Smith sought the balance due under the contract, while Sollenberger defended against that claim on the basis of off-sets from late completion penalties, and from poor workmanship in the shopping center mall floor. Sollenberger also claimed special damages, allegedly in the form of rentals lost because of late completion and the above-mentioned poor workmanship, which made certain space unrentable.
Upon completion of trial the court established the amount owing to the various subcontractors who had filed liens; established the priorities of their respective liens; entered in personam judgment for the respective amounts of these liens against AA Construction Co. and Smith; and entered in rem judgment against Sollenberger, decreeing foreclosure on the liens and sale of the shopping center in satisfaction thereof.
No appeal is taken from this aspect of the court's judgment.
The court also entered judgment in favor of AA Construction Co., against Sollenberger, for $19,933.26the balance the court found due under the contract after allowable off-sets; allowed a lien on the premises for that amount in favor of AA Construction Co.; and decreed foreclosure and sale to satisfy that lien. The court dismissed Sollenberger's claim for lost rental on grounds of lack of proof, and ruled that his failure to demand arbitration within 30 days of the architect's decision on late completion penalties left that decision binding, and Sollenberger with no standing to raise the issue in court. Accordingly, the court concluded that Sollenberger was entitled to no further off-set against the balance due on the contract.
Sollenberger, only, appeals, and only that part of the court's judgment pertaining to the late completion penalties and off-set.
Although Sollenberger raises numerous individual assignments of error addressed to the late completion issue, we discuss only one, which is dispositive of his appeal and which, in light of our conclusion thereon, requires reversal of the trial court.
In his sixth assignment of error, Sollenberger in essence asserts that since the architect's letter of April 29, 1968, purporting to be the latter's decision on the issue of late completion penalties, failed to contain the admonition that such decision was "final, but subject to appeal," or words to that effect, the decision was not final and therefore not appealable by way of arbitration. This argument clearly rests upon an interpretation of the underscored portion of § 2.2.11, supra.
The trial court did not address itself to this point in its written findings and judgment; nor did it do so in its order denying new trial, except by way of oral remarks indicating an awareness of this point, and that it might well be dispositive of the case on any appeal. The court, instead, based its decision on the conclusion that although the parties to the contract had entered into it voluntarily and had expected to be bound by its terms, Sollenberger had failed to abide strictly by the terms governing demand for, and notice of demand for arbitration (§§ 7.10.1 and 7.10.2, supra,) and *431 had therefore allowed the architect's decision to become binding.
We agree with the court's conclusion that Sollenberger failed to demand arbitration as provided for by the contract, since it is clear that he made no such demand at all. And we agree that such a failure would, under the terms of the contract, have the effect of making the architect's decision binding upon Sollenberger. It is clear, however, that in the factual context present here Sollenberger's failure to demand arbitration was of no consequence.
We conclude, by taking the unambiguous words of the contract itself at face value, as we are required to do (see e. g., Christmas v. Cooley, 158 Colo. 297, 406 P.2d 333; Soderberg v. Verdos, 158 Colo. 221, 405 P. 2d 946; Public Service Co. v. City & County of Denver, 153 Colo. 396, 387 P.2d 33; and United States Fidelity & Guaranty Co. v. First Nat'l Bank, 147 Colo. 446, 364 P.2d 202), that Sollenberger was not required to view that letter as the architect's final decision, and accordingly was not required to demand arbitration and give notice thereof within 30 days of receipt of that letter.
It follows, then, that the architect's decision was not a binding resolution of the parties' disagreements for failure of the condition precedent that it state that it was his final decision and that it was subject to appeal.
The judgment of the trial court is, therefore, reversed as to the issue of Sollenberger's claimed set-off against the balance due AA Construction Co. and Smith because of late completion penalties; and the case is remanded with directions to the trial court to dismiss all portions of the cross-claim pertaining to that issue, without prejudice.
Judgment is affirmed in part, reversed in part, and remanded with directions.
DWYER and DUFFORD, JJ., concur.