533 P.2d 503 (1975)
BASSETT CONSTRUCTION COMPANY, a Colorado Corporation, Plaintiff-Appellee,
v.
SCHMITZ PAINTING CONTRACTORS OF COLORADO, INC., a Colorado Corporation, Defendant-Appellant.
No. 74-236.
Colorado Court of Appeals, Div. I.
March 18, 1975.
*504 Louis J. Stuart, Michael G. Beckner, Pueblo, for plaintiff-appellee.
Stevenson & Markie, Alan W. Stevenson, Evergreen, for defendant-appellant.
Not Selected for Official Publication.
COYTE, Judge.
Plaintiff, Bassett Construction Company, was awarded a contract to construct a building in Pueblo, Colorado for Mountain States Telephone and Telegraph Company. Prior to being awarded the bid, plaintiff advertised for various subcontracts, indicating that the specifications book provided by Mountain States Telephone and Telegraph Company was available in several places for bidders to read before submitting bids. Defendant, Schmitz Painting Contractors of Colorado, Inc., gave plaintiff a bid of $10,603 for the painting subcontract. Defendant's bid was approximately half that of four other painting subcontractors who submitted bids and, when questioned by plaintiff, defendant reaffirmed the amount of its bid and the parties then entered into a painting subcontract for the original bid amount.
*505 Defendant began work under the contract on November 8, 1971, painted for two days, and then refused to continue painting, claiming that the concrete surface was not in condition for painting and that the preparatory work was to be done by the concrete contractor. Plaintiff disagreed, and, in accordance with clause II(2) of the subcontract, notified the defendant that he had 5 days to comply with the agreement. When Schmitz said he would not proceed, plaintiff hired another painter to do the painting work on a time and materials basis which cost it $22,295.16.
Plaintiff then brought this action against defendant to recover the difference between this cost to it and the bid of defendant. After trial to the court, judgment was entered in favor of the plaintiff and against the defendant for $11,692.16. Defendant appeals and we affirm.
The relevant part of the subcontract in question reads:
"[T]he Sub-Contractor ... agrees to perform and in every respect complete all painting as described in Section 0990 of the Specifications and as shown on the drawings.
Exclusions:
Parking lot Stripping [sic] and Mechanical painting."
On appeal, defendant first contends that there was a mutual mistake made by the parties and that the contract is not binding on it. It asserts that there was never a meeting of the minds between the parties as to what constitutes mechanical painting and as to who was to perform the concrete finishing. Plaintiff's president testified that mechanical painting meant the color coding and flow direction painting on pipes. Defendant's president testified that when he excluded "mechanical painting" from his bid he intended to exclude the painting of duct work. This duct work constituted a large part of the painting to be performed.
Generally, contracts are to be strictly construed and parties will be held to the terms to which they contract as expressing their intent. Soderberg v. Verdos, 158 Colo. 221, 405 P.2d 946. Here, the terms in question were used in the book of specifications published by Mountain States Telephone and Telegraph Company. Plaintiff questioned defendant's low bid and asked that it be rechecked. Defendant's president, who had access to and read this book, nevertheless submitted the identical bid.
When defendant claims mutual mistake, it is saying that the writing of the subcontract did not express what it and the plaintiff understood and meant the contract to be. See Carpenter v. Hill, 131 Colo. 553, 283 P.2d 963. The subcontract was for "all painting as described in Section 0990...." of the specifications book. An examination of that section of the specifications shows that it contains all the necessary references to determine what is to be painted, and expresses in much detail what the painting subcontractor is to do. Furthermore, what constitutes mechanical painting is similarly well spelled out and it is what the plaintiff's representative testified that he understood it to be. Therefore, if defendant understood that "mechanical painting" included the painting of the duct work and was therefore excluded from its subcontract, it was making a unilateral mistake.
A contract will not be voided for unilateral mistake unless there is fraud and misrepresentation. International Harvester Co. of America v. Edwards, 76 Colo. 531, 233 P. 164. Here fraud was not pled and there is no evidence of fraud. Thus, we find no error in the court's ruling that there was a contract.
Defendant also contends that evidence of usage and custom as to the work done by concrete finishers and painters was improperly excluded. This claim is without merit. Testimony on usage and custom is permitted only to explain an ambiguous contract. Zimbelman v. Hartford Fire Insurance Co., 92 Colo. 536, 22 P.2d 866. Defendant's allegation that the contract *506 is unclear does not create an ambiguity. See Burns v. Burns, 169 Colo. 79, 454 P.2d 814. Here, the work to be done by the subcontract painter was sufficiently detailed in the specifications book that there was no ambiguity as to what was to be done.
Defendant contends that the concrete surface to be painted had not been finished so as to be suitable for painting as required by the contract. There was substantial evidence presented on this issue as to the size of the holes in the concrete and the work needed to fill them. The issue of who was to fill the concrete was decided by the court as the finder of fact. Since there was substantial evidence to support the finding of the trial court that this fill was to be done by the painting subcontractor, such finding is binding upon us. Linley v. Hanson, 173 Colo. 239, 477 P.2d 453.
When defendant refused to do the fill work necessary according to the subcontract before painting, he breached the contract. After breach of the contract, plaintiff followed the procedure detailed in the contract as follows:
"[S]hould the Contractor conclude that the Sub-Contractor is delaying said work, he shall so notify said Sub-Contractor, who shall within 5 days thereafter, furnish whatever additional materials and equipment required by said Contractor, and employ additional men, as required by said Contractor, and in case Sub-Contractor fails to comply with said demand, the Contractor shall have the right to furnish materials and equipment and employ necessary additional men and charge the expense thereof against the said Sub-Contractor and deduct same from this contract, and should the amount or balance due on said contract be insufficient, to collect said deficiency by legal process."
However, defendant contends that the liquidated damages clause in the subcontract prevents plaintiff from receiving a judgment in the amount of the difference between the subcontract price and the total amount of liquidated damages. By that clause, liquidated damages for breach of the subcontract was set at fifty dollars per day and such damages were to be "in lieu of the actual damages arising from" breach of the contract.
A reading of the entire contract convinces us that the liquidated damages provision is not applicable where a party abandons the contract. It applies only where a subcontractor completes his contract in a satisfactory manner but on a late schedule. The above quoted portion of the contract spells out the procedure to be used by plaintiff under the situation here where defendant failed to complete or abandoned the contract. Under such circumstances, the rule as set out in City of Rainier v. Masters, 79 Or. 534, 154 P. 426, is applicable:
" `It seems to be generally held that, where a contract provides for the payment of stipulated damages for a particular breach, such stipulation is applicable only to the breach provided for; and, upon the abandonment or repudiation of the entire contract, the injured party, if his actual damages are the greater, is not limited to the stipulated damages, or vice versa, if the latter are the greater, he is limited to the actual damages.' "
Since the trial court applied the proper measure of damages and since the evidence supports the findings of the trial court as to the amount of damages suffered by plaintiff, this finding is binding on us on review. Linley v. Hanson, supra.
Judgment affirmed.
SILVERSTEIN, C. J., and VAN CISE, J., concur.