No. 17,530.

P. W. CARPENTER, ET AL. *v.* GEORGE W. HILL, ET AL.
(283 P. [2d] 963)

Decided May 16, 1955.   Rehearing denied June 6, 1955.

Messrs. MOYNIHAN, HUGHS & BJELLAND, for plaintiff in error.

Messrs. HAYNIE & HOTCHKISS, Messrs. GRAHAM & SCHEUNEMANN, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

PLAINTIFFS in error, as plaintiffs, filed a complaint in the district court of Mesa county containing two causes of action for a rescission of an executed contract for the exchange of land. One cause of action was based on fraud and the other on mutual mistake. It appears that there was no evidence to sustain the allegations of fraud and that was abandoned, and reliance was had on the ground of mutual mistake. The trial court, in effect, found that a mutual mistake did exist, in that both parties were mistaken as to the manner in which the unpaid balance on the contract was to be made; however, the court found that plaintiffs were negligent in failing to examine the original contracts of sale, which were in escrow, and that due to this negligence they could not recover. The original contract for the sale of the land which plaintiffs acquired had been assigned and reassigned and defendants were holding under the last assignment.

Plaintiffs owned a filling station in Pueblo county which they desired to exchange for land in Mesa county, and upon reading a real-estate ad in the Mesa County

Sentinel, contacted by letter the real-estate agency which had placed the ad and were advised that the land advertised was off the market; however, the agency advised plaintiffs that a peach orchard owned by defendants was for sale and gave the following description by letter: "This is a very good ranch priced at $25,000.00 with a loan of approximately $14,000.00 at 5 per cent interest that can be assumed. This loan to be paid off by crop payment which doesn't take long if the prices are good on fruit, and everybody seems to think it will be."

On receipt of this letter, plaintiffs went to Mesa county, got in touch with defendants, and they decided upon an agreement for exchange of properties. Defendants told plaintiffs that they had the peach orchard on crop payments of one-half the fruit crop, and if there was no fruit crop the payment would be carried over, including taxes and water assessments.

This orchard was owned by Renna Aspinall, who, in February of 1946, sold the property under contract, and, in turn, the interest of the buyers was assigned on December 10, 1949, to defendants in this case. It appears that these defendants never saw the original contract of sale, which was in escrow. This contract provided that all of the unpaid balance under the contract of purchase would fall due on November 1, 1953, instead of being due on crop payments and if no crop, no payments, as had been represented to plaintiffs. Defendant George Hill testified as follows:

"Q. Didn't he do so and didn't you tell him if there were no peaches there was no payment? A. No, I told him I had them on crop payment, I reckon. Q. If you had known what the actual situation was would you have told the Carpenters? A. Yes, I would have. Q. And if you knew that they believed it was payable only out of crop payment and you knew otherwise, you wouldn't have entered into this transaction would you? A. How? Q. If you thought that the Carpenters believed that the payments were made only out of the crop payments and

you knew it was on dates this fall, you wouldn't have entered into this transaction? A. Not that way."

The testimony discloses that plaintiffs and the real-estate agent went to the bank where the contract papers were in escrow and inquired as to the amount of the balance due. Plaintiffs did not ask to see the contract and made no arrangement for its examination. Plaintiffs, defendants and the real-estate agent went to an attorney's office where an agreement was prepared and signed whereby plaintiffs traded their equity in the Pueblo property for the equity of defendants in the orchard in Mesa county. This agreement is silent as to crop payments and it appears that the impelling reason for plaintiffs entering into the contract was because they understood that the balance due under the original contract of sale was payable out of the fruit crop. This agreement was dated June 10, 1953, and the exchange of deeds followed. About a month later plaintiffs discovered that the balance due on the contract in the sum of $15,252.09 was due on November 1, 1953, instead of being due on crop payments, as they had been lead to believe. Without money to liquidate this balance, plaintiffs immediately instituted this action to rescind the contract and vacated the premises after notice of their intention and after they had irrigated the orchard. After the premises were vacated, defendants did not take possession. The trial court refused to rescind the contract or to allow plaintiffs damages on January 5, 1954. Thereafter and on March 15, Renna Aspinall, the owner, after notice to plaintiffs and defendants of her intention to terminate the contract, filed a motion to intervene in plaintiffs' action for rescission, and by her complaint sought a forfeiture of all payments theretofore made and a recovery of the property. Intervention was allowed and a receiver appointed to care for the property until a sixty-day period of notice had expired.

As is stated by plaintiff, the effect of all the foregoing is, that Renna Aspinall has recovered the fruit

orchard; defendants own the property in Pueblo county, formerly owned by plaintiffs; and plaintiffs have lost the net value of the Pueblo property, namely, $13,062.23.

■ . Defendants did not plead any affirmative defense, not even negligence, which the trial court seemed to consider was controlling.

That there was a mutual mistake and misunderstanding between the parties to this agreement there can be no doubt. Moreover, it is freely admitted, undisputed, and the trial court found, that there was a mutual mistake; however, the trial court went beyond the pleadings and determined that plaintiffs were negligent in not examining the original contract of sale, which they had full opportunity to do, and that this negligence precluded their recovery.

Plaintiffs, after filing a motion for amendment of the findings; vacation of judgment; and a motion for new trial, which was denied; obtained a writ of error from this Court to review the judgment of the trial court, contending that mutual mistake is a proper ground for rescission of a contract; and that negligence is a question of fact and an affirmative defense, which was not pleaded, and therefore not available.

■ ■ We believe that no principle is better settled than the equitable doctrine that an agreement founded in a mutual mistake of facts that are the very basis of the contract, will void the contract. The fact concerning which the mistake was here made was the very life and substance of the transaction; and the mistake, not only clearly proven, but admitted, is so important that rescission, if sought, must follow. ·    ··

"The negligent failure of a party to know or to discover the facts, as to which both parties are under a mistake does not preclude rescission or reformation on account thereof." Restatement of the Law, Contracts. Section 508.

If negligence was a defense, defendants were deprived thereof by failing to file an affirmative pleading.

558

The judgment is reversed and the cause remanded with directions to the trial court to enter its judgment in favor of plaintiffs for rescission, and in the event restoration of plaintiffs' property cannot be had, then enter such judgment for damages as the court may determine by a hearing thereon.