476 P.2d 586 (1970)
GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, Plaintiff in Error,
v.
CITY OF BOULDER, Defendant in Error.
No. 70-379. (Supreme Court No. 23502.)
Colorado Court of Appeals, Div. I.
November 4, 1970.
Roland E. Gebert, Alex S. Keller, Weller, Friedrich, Hickisch & Hazlitt, H. Gayle Weller, Denver, for plaintiff in error.
Walter L. Wagenhals, City Atty., Boulder, for defendant in error.
Not Selected for Official Publication.
DUFFORD, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and was subsequently transferred to the Court of Appeals under the authority vested in the Supreme Court.
Both parties to this appeal were defendants in the lower court. The City of Boulder cross-claimed against Great American Insurance Company and one Vern W. Smith, d/b/a Vern W. Smith Construction Company, for damages allegedly resulting from breach of contract. Smith was adjudicated a bankrupt prior to trial. Great American brings this appeal from an adverse *587 judgment entered on Boulder's cross-claim.
It was admitted that Smith had entered into a contract with Boulder for the reconstruction of a dam; that pursuant to the terms of the contract, Great American had executed a performance bond; and that Smith had defaulted on the contract.
Great American contends that faulty plans and indecision on the part of Boulder's engineers, together with adverse weather conditions, rendered the contract, in the legal sense, impossible to perform.
This jurisdiction has adopted the Restatement of Contracts § 454 definition of impossibility. City of Littleton v. Employers Fire Insurance Co., 169 Colo.___, 453 P.2d 810. Reference is made to this doctrine in Annot., 84 A.L.R.2d 12 at p. 62, where the author comments:
"* * * Its application would seem to require a difficult distinction between mere difficulty, expense, or hardship (rather generally regarded as no excuse for nonperformance * * *) and (in the Restatement's words) `impracticability because of extreme and unreasonable difficulty, expense, injury or loss involved.'"
In our opinion the evidence does not demonstrate that degree of impracticability necessary to constitute impossibility in the legal sense. The mere fact that a contract is unprofitable as to one of the parties, or that it was improvidently entered into, is not, in and of itself, a sufficient basis for avoiding contractual obligations. Thurmon v. Skipton, 157 Colo. 423, 403 P.2d 211; Ace Flying Service, Inc. v. Colorado Dept. of Agriculture, 141 Colo. 467, 348 P.2d 962. Moreover, the burden of proving the defense of impossibility is on the party asserting it. Hensler v. Los Angeles, 124 Cal.App.2d 71, 268 P.2d 12; McNally v. Moser, 210 Md. 127, 122 A.2d 555. The trial court found in substance that such burden of proof was not met. In reviewing such findings, all conflicting evidence and possible inferences therefrom must be resolved by us in favor of the trial court's judgment. Ellis, Inc. v. Ellis, 115 Colo. 12, 168 P.2d 549. Reviewed on such basis, the evidence in the record supports the trial court's conclusion.
Great American also contends that the trial court erred in awarding Boulder damages for the cost of constructing a temporary spillway, which was built by another contractor after Smith defaulted on the contract.
There was testimony in the record that the construction of the spillway was necessary to protect the dam while it was under reconstruction, and that the cost of protecting the job was the contractor's expense. While there was evidence that a spillway of the size which was built might not have been necessary, the trial court concluded that under the circumstances it was not an unreasonable precaution for Boulder to have had a spillway of this size constructed. We cannot say that this finding was manifestly erroneous. Consequently, the trial court's ruling on this point must be upheld. Ellis, Inc. v. Ellis, supra.
Judgment is affirmed.
SILVERSTEIN, C. J., and COYTE, J., concur.