M. Gail BEALS and Mildred M. Ramey,
Plaintiffs-Appellants,

v.

TRI–B ASSOCIATES, a Partnership;
Robert L. Lunnon, Donald E. Lunnon,
Thomas E. Lunnon and Kipling Waters,
a Limited Partnership, Defendants-Appellees.

No. 80CA0713.

Colorado Court of Appeals,
Div. I.

Jan. 7, 1982.

Rehearing Denied Feb. 4, 1982.

Albert G. DeRose and Anthony V. Zarlengo, P. C., Anthony V. Zarlengo, Denver, for plaintiffs-appellants.

Law, Scheid & Farabee, Patricia Jo Stone, Denver, for defendants-appellees.

ENOCH, Chief Judge.

Plaintiffs, Gail Beals and Mildred Ramey, initiated this action seeking rescission of a partnership agreement and the reconveyance of certain real property. In the alternative, plaintiffs asked for a dissolution of the partnership. Plaintiffs appeal the trial court's judgment which denied rescission and reconveyance, but granted dissolution. We affirm.

Plaintiff Beals, who held a real estate license, and her mother, plaintiff Ramey, owned as joint tenants approximately 23 acres of land located in Jefferson County near the intersection of Kipling Street and Hampden Avenue. Plaintiffs and the children of plaintiff Beals lived in an old house on the property. Plaintiffs had accumulated a number of debts and obligations which included an unsatisfied judgment of $3,800, a note for approximately $2,800 secured by a second deed of trust on their property, attorney fees of approximately $1,300, and a note for $46,000 with monthly payments of $227 secured by a first deed of trust on the property. Plaintiffs were having difficulty meeting these obligations.

Under these circumstances, plaintiffs entered into an agreement with defendant, Tri-B Associates (Tri-B), a real estate investment partnership whose general partners, Robert L. and Donald E. Lunnon, were long-time family friends. Under the terms of the agreement Tri-B advanced sufficient funds to plaintiffs to pay their immediate pressing debts and assumed and paid the monthly payments on the $46,000 note secured by the first deed of trust; in return, plaintiffs conveyed a ½ interest in the land to Tri-B, and the other ½ interest to a new limited partnership known as Kipling Waters, in which they each became 25% limited partners. Tri-B conveyed its ½ interest in the land to Kipling Waters, and Tri-B became the general partner in the new limited partnership, owning a 50% partnership interest.

It was also a part of the agreement that Tri-B keep the property in repair; sign a lease which would allow plaintiffs to stay in their house; and use its financial connections, financial resources, and management experience to develop the property into a condominium project. At the time the money was advanced for payment of the debts, plaintiffs were required to execute a demand note payable to an employees' profit sharing trust for approximately $7,000, the amount borrowed from the trust and advanced by Tri-B. There is no evidence that this note was ever collected.

When it became apparent after a period of four years that the property would not be developed, and the parties' expectations of profits began to dim, the relationship between the partners became antagonistic. Tri-B accused the plaintiffs of obstructing Tri-B's attempts to sell the property and eventually brought a forcible entry and detainer action to oust them from the property. The FED action was consolidated with this action, in which plaintiffs requested rescission of the partnership agreement and cancellation of the deeds on the grounds that Tri-B fraudulently misrepresented its intent to develop the property, that there had been a breach of the contract for a failure of consideration, and that the purpose of the partnership agreement had been frustrated when no development occurred. Plaintiffs requested, in the alternative, dissolution of the partnership and winding up of the partnership affairs. Tri-B asserted numerous counterclaims, which claims are not at issue here.

The court found that, between the formation of the partnership in 1972 and the bringing of this suit in 1976, several circumstances arose which made development of the property commercially impractical. The record reveals that these circumstances included generally unfavorable economic conditions, the extension of Kipling Street which required condemnation of a portion of the property, and the increasing cost of construction and utilities improvements on the property.

**80**

The court denied the plaintiffs' request for rescission and ordered dissolution of the partnership under the provisions of § 7–60–132(1)(f), C.R.S.1973, with the property to be sold and the proceeds to be divided as provided in § 7–61–124, C.R.S.1973.

## I.

Tri-B raises a procedural issue that plaintiffs may not appeal the trial court's judgment ordering dissolution because plaintiffs requested dissolution and, therefore, were the prevailing parties. We disagree.

Appeals may be taken only by aggrieved persons. *Camenisch v. Nuccitelli*, 150 Colo. 141, 372 P.2d 85 (1962). The prevailing party may not seek review for the purpose of settling abstract questions of law, as where a plaintiff recovers judgment in his favor for the full amount, and appeals an evidentiary ruling. *Moore v. Anderson*, 479 P.2d 391 (Colo.App.1971) (not selected for official publication). However, a party may plead alternative remedies and should be allowed to recover the most favorable relief to which he is entitled by law. *See Miller v. Scholten*, 273 N.W.2d 757 (S.D. 1979).

Here, plaintiffs sought rescission as their primary remedy. If rescission had been granted, they would have received title to property which had appreciated in value from $311,000 to $750,000. Having recovered under their alternative requested relief of dissolution, they will receive 50% of the proceeds obtained through liquidation of the partnership, not less than $350,000. An erroneous denial of plaintiffs' primary remedy would aggrieve them to the extent of approximately $350,000, and plaintiffs may seek appellate review of such denial.

## II.

Plaintiffs contend on appeal that the parties were mutually mistaken in their belief that the property could be profitably developed and that rescission should have been granted.

Assuming that this argument, raised for the first time in plaintiffs' motion to alter or amend judgment, may properly be considered on appeal, we hold that the parties in this case did not make the type of mistake which would justify rescission.

A party may rescind a contract when, at the time the contract is made, the parties make a mutual mistake about a material fact, the existence of which is a basic assumption of the contract. *Carpenter v. Hill*, 131 Colo. 553, 283 P.2d 963 (1955); *Restatement (Second) of Contracts* § 152 (1981). If the parties harbor only mistaken expectations as to the course of future events and their assumptions as to facts existing at the time of the contract are correct, rescission is not proper. *Hailpern v. Dryden*, 154 Colo. 231, 389 P.2d 590 (1964); *Restatement (Second) of Contracts* § 151 (1981). This rule is justified by the reality that parties to commercial contracts rarely predict future events with total accuracy. Indeed, a contract often functions primarily to insulate the parties from uncertainty and to allocate the risk of future events.

Here, the trial court expressly found that Tri-B had the capability to develop profitably the property at the time the contract was executed and that events occurring *subsequent* to formation made development commercially impractical. These findings, which are supported by the evidence and thus will not be disturbed on review, support the conclusion that there was no mistake which would justify rescission.

## III.

Plaintiffs also contend that the trial court should have granted rescission because the purpose of the conveyances and partnership agreement was frustrated by the failure to develop the property.

The elements of the doctrine of frustration of purpose are set forth in the *Restatement (Second) of Contracts* § 265, and Comment A thereto. The party seeking to avoid the obligations in the contract, or as in this case to rescind the contract, on grounds of frustration of purpose must

show total, or near total, destruction of the essential purpose of the transaction. *See, e.g., Lloyd v. Murphy,* 25 Cal.2d 48, 153 P.2d 47 (1944); *Wichita Properties v. Lanterman,* 633 P.2d 1154 (Kan.App.1981); *Castangno v. Church,* 552 P.2d 1282 (Utah 1976); *Chicago, Milwaukee, St. Paul & Pacific R. R. v. Chicago & Northwestern Transportation Co.,* 82 Wis.2d 514, 263 N.W.2d 189 (1978). *Restatement (Second) of Contracts* § 265, Comment A, explains that "the frustration must be so severe that it is not fairly to be regarded as within the risks that [the party seeking rescission] assumed under the contract."

Application of this test to the facts here supports the trial court's conclusion that rescission was inappropriate. First, development of the land was neither the sole, nor the predominant, purpose of the conveyances and partnership agreement. The trial court found that the consideration for the conveyances was the payment of several of plaintiffs' debts and the assumption of the first deed of trust on the property. Implicit in this finding is that at least one purpose of this transaction was to relieve plaintiffs' financial burdens. Second, although development of the property was one goal of the transaction, failure to develop was not such a severe frustration of purpose as to warrant rescission. Plaintiffs did receive the relief from their creditors for which they bargained, and, based on the trial court's findings, the sale of the property in dissolution should produce a substantial profit for plaintiffs.

The risk that economic conditions may change, or that government actions of the type involved here may impair the profitability of a real estate development, are not so unforeseeable that they are outside the risks assumed under the contract. *See North American Capital v. McCants,* 510 S.W.2d 901 (Tenn.1974). *Cf. Great American Insurance Co. v. Boulder,* 476 P.2d 586 (Colo.App.1970) (not selected for official publication). Finding no basis for rescission, we hold that the court was correct in denying rescission and in granting the alternative relief of dissolution.

The judgment is affirmed.

VAN CISE and KELLY, JJ., concur.