TOWN OF FRASER, Plaintiff-Appellee,

v.

Rick DAVIS and Betsy Davis,
Defendants-Appellants.

No. 81CA0864.

Colorado Court of Appeals,
Div. III.

April 1, 1982.

Lawrence P. Hartlaub, Jr., Granby, for plaintiff-appellee.

Jonathan T. Belknap, Fraser, for defendants-appellants.

TURSI, Judge.

Defendants, Rick Davis and Betsy Davis, appeal the granting of summary judgment to plaintiff, Town of Fraser, on its complaint seeking specific performance of a stipulation entered into by the parties. We affirm in part and reverse in part.

In settlement of a previous civil action, Fraser agreed to provide water service to defendants on the condition that defendants construct a water line, which was to be considered a main, in the alley of the block connecting their property to Fraser's existing water system. When defendants did not construct the main by the agreed upon date, Fraser brought this action to compel performance, and to receive damages for lost revenues, attorney's fees, and court costs.

Defendants' answer admitted the essential allegations of the complaint, but denied that they had refused to install the line. In clarification of this denial, they alleged that when they attempted to lay the line, they discovered a sewer line running diagonally across the alley, which made strict compliance with the agreement "not only impossible by way of being prohibitively expensive," but also created a hazard to the integrity of the sewer line. They further alleged that they sought permission to install the line in the street, as are all the other lines in Fraser, but were refused such permission.

As affirmative defenses, defendants raised the doctrines of clean hands, frustration, a claim of unconstitutional duress, a claim that enforcement would be against public policy, and stated that they were

ready and willing to perform the conditions of the stipulation, except for the requirement that the line be in the alley. Defendants also propounded certain interrogatories to plaintiff which were answered by the mayor.

Plaintiffs sought summary judgment and defendants answered by filing an affidavit of Rick Davis which stated:

"That within the agreed time to perform such contract, he procured the necessary equipment, including a back-hoe, and the material necessary to comply with the terms of the contract but when he commenced performance he discovered that compliance was a practical impossibility because of the presence of a Town sewer line extending diagonally across the alley, improperly installed by the Plaintiff Town which he had not known about when the contract was entered and which would be destroyed by cave-ins if he attempted to install the water line down the alley.

That Affiant notified Plaintiff of this situation and offered substantial compliance by installing the same sized line along the city street in the same manner all the other lines in town are installed."

The trial court found that defendants' response to the motion for summary judgment in the affidavit did "not assert facts from which any finding of 'impossibility' could be made"; nor did it substantiate any of the remaining affirmative defenses. The trial court granted summary judgment, and ordered that the June 1980 stipulation be specifically performed and concluded that reasonable attorney's fees and costs should be awarded to plaintiff.

Defendants contend that the affidavit raised material questions of fact as to the applicability of the doctrine of "impossibility" of performance. We agree.

In *Littleton v. Employers Fire Insurance Co.*, 169 Colo. 104, 453 P.2d 810 (1969), Colorado adopted the definition of impossibility of performance contained in the *Restatement of Contracts* § 454 as interpreted in 6 *S. Williston, Contracts*, § 1931 (rev. ed.). The essence of the defense is not impossibility, but rather impracticability which is determined by whether " 'an unanticipated circumstance has made performance of the promise vitally different from what should reasonably have been within the contemplation of both parties when they entered into the contract.' "

*Restatement of Contracts* § 454 is now encompassed by *Restatement (Second) of Contracts* § 266. Subsection (2) thereof provides:

"Where, at the time a contract is made, a party's principal purpose is substantially frustrated without his fault by a fact of which he has no reason to know and the non-existence of which is a basic assumption on which the contract is made, no duty of that party to render performance arises, unless the language or circumstances indicate the contrary."

Summary judgment is a drastic remedy and should only be granted upon a clear showing that there is no question of material fact. *Abrahamsen v. Mountain States Telephone & Telegraph*, 177 Colo. 422, 494 P.2d 1287 (1972). The affidavit of defendant raised a question as to whether the non-existence of a sewer line was a basic assumption of the agreement and whether the performance would be vitally different from that which was contemplated by the parties. These are questions of material fact, thus, the court erred in granting summary judgment on that issue. *Abrahamsen v. Mountain States Telephone & Telegraph, supra.*

The defendants raised no material facts to support their remaining defenses and the court properly entered summary judgment thereon. *Abrahamsen v. Mountain State Telephone & Telegraph, supra.*

The judgment on the issue of "impossibility" is reversed and the cause is remanded for further proceedings; the remaining portions of the judgment are affirmed.

STERNBERG and KIRSHBAUM, JJ., concur.