**Edward P. RUFF and Thomas E. Brooks, doing business as Brooks Transportation Company, a partnership, Plaintiffs-Appellees,**

v.

**YUMA COUNTY TRANSPORTATION COMPANY, a Colorado corporation, Defendant-Appellant.**

**No. 83CA0083.**

Colorado Court of Appeals, Div. II.

Oct. 11, 1984.

Arnold & Ross, Michael K. Singer, Sterling, for plaintiffs-appellees.

Max A. Wilson, Aurora, for defendant-appellant.

BERMAN, Judge.

Defendant, Yuma County Transportation Company (Yuma), appeals the judgment of the trial court finding it liable to plaintiff, Brooks Transportation Co. (Brooks), in the amount of $32,568.94 for breach of contract. We affirm.

In February 1979, Yuma entered into a written purchase agreement with Brooks to purchase the "McCook authority," a portion of a "Certificate of Registration" issued to Brooks by the Interstate Commerce Commission (ICC). Since Yuma's original Certificate of Registration did not include the territorial scope of the McCook authority, approval by the ICC for conversion of Yuma's Certificate of Registration to a "Certificate of Public Convenience and Necessity" to transport along the Sterling-McCook route was essential to the agreement. Accordingly, the purchase agreement required ICC approval of Yuma's conversion application as an express condition precedent to Yuma's obligation to purchase the McCook authority. The agreement additionally provided for the termination of all rights and obligations under the agreement if the conversion application was not approved by the ICC.

The agreement between Yuma and Brooks necessitated the filing of three applications with the ICC. One was for temporary authority for Yuma to operate pending determination of the other two applications; the second sought approval of the transfer of the McCook authority from Brooks to Yuma; and the third sought a conversion of Yuma's Certificate of Registration to a Certificate of Public Convenience and Necessity. The trial court found that the ICC did approve the temporary authority and the transfer application, and these findings are supported by testimony in the record.

Following the submission of the third application seeking a conversion of Yuma's Certificate of Registration to a Certificate of Public Convenience and Necessity, but prior to an ICC determination on the issue, Yuma ceased its operations in the territory to be covered by the conversion application. Counsel for Yuma informed the ICC hearing examiner in July 1981 that Yuma was not operating in the area, that it had no plans to resume operation, and that, therefore, none of the shippers would appear in support of the application. On the basis of this knowledge and with the consent of Yuma, the ICC dismissed the conversion application. Thereafter, Yuma did not tender payment under the agreement with plaintiff and this action followed.

I.

Yuma first contends that the trial court erred in basing its decision upon findings of fact which were either not supported by, or were contrary to, the evidence. We disagree.

We have reviewed the entire record and find at least some testimony and evidence to support the trial court's findings of fact. Many times this testimony and evidence was provided by the defendant. We will therefore not disturb the trial court's findings of fact as they are not so clearly erroneous as to find no support in

the record. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

■ Yuma's contentions that the trial court failed to grasp the fact that Yuma was seeking a conversion of *its* Certificate of Registration to a Certificate of Public Convenience and Necessity, and that the trial court cited as authority condition subsequent language from the *Restatement (Second) of Contracts* § 230 are not dispositive to the outcome of this case. It is clear from the record that the trial court understood Yuma's need to obtain approval from the ICC of its conversion application as a condition precedent to Yuma's obligation to pay Brooks for the McCook authority. Where the judgment of the trial court is predominantly correct, the judgment will be sustained even though some of the reasons assigned therefor in the findings of fact may be erroneous. *Eitel v. Alford,* 127 Colo. 341, 257 P.2d 955 (1953); *Wickland v. Snyder,* 39 Colo.App. 403, 565 P.2d 976 (1977).

## II.

Yuma next contends that the trial court erred in finding that Yuma did not exercise good faith in applying for conversion of an ICC Certificate of Registration to a Certificate of Public Convenience and Necessity. We disagree.

*Restatement (Second) of Contracts* § 205 (1981) provides that every contract imposes on each party a duty of good faith and fair dealing in its performance. Comment a of that *Restatement* provision explains that good faith performance of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party. Moreover, the purchase agreement signed by Brooks and Yuma provides that: "The parties agree to fully cooperate and use their best efforts in the preparation and prosecution of applications referred to herein."

■ The facts, as supported by the record, show that Yuma did not use its best efforts to get the conversion application approved, and that Yuma did not proceed in a manner consistent with the justified expectations of Brooks. Yuma's ceasing operations in the area to be covered by the McCook authority, with no intention of resuming them, indicated abandonment of the project. It was on the basis of this information that the ICC dismissed, with Yuma's consent, the conversion application. The good faith standard set forth in the Uniform Commercial Code is inapplicable, and thus, Yuma's reliance thereon is misplaced.

## III.

Yuma's argument that financial difficulty arising from economic conditions existing at the time, unexpected competition from Eastern Express, and unanticipated delay in the processing of the application by the ICC made it impractical for Yuma to pursue the final application beyond July 1981, likewise does not persuade us.

■ Impossibility of performance is determined by whether "an unanticipated circumstance has made performance of the promise vitally different from what should reasonably have been within the contemplation of both parties when they entered into the contract." *Littleton v. Employers Fire Insurance Co.,* 169 Colo. 104, 453 P.2d 810 (1969); *Town of Fraser v. Davis,* 644 P.2d 100 (Colo.App.1982). A change in economic conditions does not provide a basis for rescission of a contract. *Beals v. Tri-B Associates,* 644 P.2d 78 (Colo.App. 1982). Competition, delay in ICC approval, and changed economic circumstances are not situations which are so unforeseeable as to be outside the risks assumed under the contract and do not excuse Yuma's performance because of impracticability. *Beals, supra.* Yuma made a bargain. The fact that the value of the bargain had decreased is not an excuse for non-performance. *See Sedalia Land Co. v. Robinson Brick & Tile Co.,* 28 Colo.App. 550, 475 P.2d 351 (1970). Yuma's only valid excuse under the purchase agreement would have been Yuma's inability, after diligent effort, to get ICC approval of the conversion appli-

cation. Here, Yuma's own actions resulted in its dismissal.

### IV.

 We do not consider this a frivolous appeal and, therefore, deny plaintiff Brooks' request for damages under C.A.R. 38.

Judgment affirmed.

SMITH and VAN CISE, JJ., concur.