**Alex BEJMUK and Anastasia Bejmuk, Plaintiffs-Appellees,**

v.

**Gilbert O. RUSSELL, Jr., and Virginia N. Russell, Defendants-Appellants.**

No. 85CA0037.

Colorado Court of Appeals, Div. I.

July 17, 1986.

Rehearing Denied Sept. 4, 1986.

Certiorari Denied (Bejmuk) March 9, 1986.

Fischer, Howard and Francis, Steven G. Francis, Steven E. Howard, Elery Wil-

marth, Fort Collins, for Plaintiffs-Appellees.

Anderson, Sommermeyer, Wick & Dow, Timothy J. Dow, Ken Frazier, Fort Collins, for Defendants-Appellants.

PIERCE, Judge.

Defendants, Gilbert O. Russell, Jr., and Virginia N. Russell (sellers), appeal from a judgment in favor of plaintiffs, Alex and Anastasia Bejmuk (buyers) entered after a trial to the court. We reverse.

The buyers offered to purchase sellers' home. The parties then signed a handwritten agreement setting forth the general terms of the purchase. At the closing, they signed a written agreement that was drafted by buyers' counsel and that was substantially similar to the prior handwritten agreement. This final agreement, signed in 1980, provided that the total purchase price was approximately $74,000, of which $1,000 was an earnest money payment, and $5,000 was to be paid on the date of closing. The exact amount of the balance, approximating $68,000, was to be determined on the day of closing by computing the exact balances due by the sellers to two lending institutions holding deeds of trust on the property in question. Payment was to be made in monthly installments of $1061.74 "until paid in full." The agreement is silent as to whether buyers' indebtedness carried interest.

In 1984, the buyers requested a statement of the amount of their indebtedness. Based on amortization schedules, the sellers informed them that the net amount due was approximately $57,000. The buyers contended that this amount was incorrect, and based on their calculations which applied the monthly payments only to principal, they asserted a remaining indebtedness of approximately $22,000.

Sellers argue that the indebtedness is directly correlated and determined by the two loans of the sellers which are secured by deeds of trust on the subject property. Thus, the monthly payments reflect the exact monthly loan payments which in turn encompass principal, interest, and escrow amounts. In addition, there is no indication

that there was an intent by the parties to burden the sellers with a future outstanding indebtedness after buyers make the final payment. On the other hand, buyers argue that the agreement states that there shall be no "implication of an assumption"; thus, they assert the monthly payments reflect only payments of principal.

As a result of this dispute buyers sought a declaratory judgment. Sellers asserted, in part, that the contract was void ab initio, and that there was no meeting of the minds between the parties and sought equitable relief, including rescission. We agree with the sellers.

This is not a situation in which the parties originally accepted a contractual term and a disagreement as to the meaning of the term arose later. *See Sunshine v. M.R. Mansfield Realty, Inc.,* 195 Colo. 95, 575 P.2d 847 (1978). Nor is this a situation in which the parties harbor only mistaken expectations as to the course of future events, but their assumptions as to facts existing at the time of the contract are mutually understood. *See Beals v. Tri-B Associates,* 644 P.2d 78 (Colo.App.1981).

Rather, the case here is that neither party, at the time of the contract, was aware that the other attached a different meaning to a necessary contractual provision that was not stated in the written contract. There was never any discussion among the parties concerning whether the monthly payments would apply to principal and interest or only to principal. Although both parties were at various times represented by counsel, the record shows that the parties did not become aware of their different views of this vital unexpressed contract term until 1984.

Therefore, the trial court's determination of this issue is a conclusion of law. *Sunshine v. M.R. Mansfield Realty, supra.* That being the case, we are not bound by the trial court's determination. *See Sentinel Acceptance Corp. v. Colgate,* 162 Colo. 64, 424 P.2d 380 (1967).

The general rule is that when parties to a contract ascribe different meanings to a material term of a contract, particularly if

that material term has not been expressed, then they have not manifested mutual assent. Therefore, here no meeting of the minds occurred, and there is no valid contract. *BA Mortgage Co. v. Unisal Development, Inc.*, 469 F.Supp. 1258 (D.Colo. 1979); *Sunshine v. M.R. Mansfield Realty, supra.* Although there is an exception to this general rule, that exception is not applicable here because the meaning given by one party is as reasonable as the meaning attributed by the other. *Cf. Sunshine v. M.R. Mansfield Realty, supra.*

Therefore, there being no mutual assent to a material term of the contract, rescission must follow. *Carpenter v. Hill*, 131 Colo. 553, 283 P.2d 963 (1955).

The judgment is reversed and the cause is remanded with directions to enter a judgment of rescission of this contract.

STERNBERG and METZGER, JJ., concur.