Opinions of the Colorado Supreme Court are available to the public and can be accessed through the Judicial Branch's homepage at http://www.courts.state.co.us.  Opinions are also posted on the Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
May 30, 2017

**2017 CO 55**

**No. 16SC444, <u>England v. Amerigas Propane</u>—Workers' Compensation—Mutual Mistake of Material Fact—Colorado Workers' Compensation Act.**

In this case, the supreme court considers whether a provision of the mandatory form settlement document promulgated by the Director of the Division of Workers' Compensation waives an injured employee's statutory right under section 8-43-204(1), C.R.S. (2016), to reopen a settlement based on a mutual mistake of material fact.  The supreme court concludes that it does not because provisions of the form document must yield to statutory rights.  Accordingly, the supreme court reverses the judgment of the court of appeals.

# The Supreme Court of the State of Colorado
2 East 14th Avenue • Denver, Colorado 80203

---

## 2017 CO 55

---

### Supreme Court Case No. 16SC444
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 15CA1210

#### Petitioner:

Victor England,

v.

#### Respondents:

Amerigas Propane and Indemnity Insurance Company of North America.

---

### Judgment Reversed
*en banc*
May 30, 2017

---

**Attorneys for Petitioner:**
Dean Neuwirth P.C.
Dean Neuwirth
  *Denver, Colorado*

**Attorneys for Respondents:**
Lee + Kinder, LLC
Joshua D. Brown
  *Denver, Colorado*

**Attorneys for Amicus Curiae Colorado Defense Lawyers Association:**
University of Colorado
Patrick T. O'Rourke
Donald A. Kaade
  *Denver, Colorado*

**Attorneys for Amicus Curiae Colorado Department of Labor, Division of Workers' Compensation:**
Cynthia H. Coffman, Attorney General
Emmy A. Langley, Assistant Attorney General
  *Denver, Colorado*

**Attorneys for Amicus Curiae Colorado Trial Lawyers Association:**
Ogborn Mihm, LLP
Thomas Neville
  *Denver, Colorado*

**Attorneys for Amicus Curiae Colorado Workers' Compensation Education Association:**
Burg Simpson Eldredge Hersh & Jardine, P.C.
John M. Connell
  *Englewood, Colorado*

**Attorney for Amicus Curiae Pinnacol Assurance:**
Harvey D. Flewelling
  *Denver, Colorado*

**CHIEF JUSTICE RICE** delivered the Opinion of the Court.
**JUSTICE HOOD** and **JUSTICE GABRIEL** do not participate.

¶1 This case requires us to determine whether a provision of the mandatory form settlement document promulgated by the Director of the Division of Workers' Compensation ("Director") waives an injured employee's statutory right under section 8-43-204(1), C.R.S. (2016), to reopen a settlement based on a mutual mistake of material fact.[1] We hold that it does not because provisions of the form document must yield to statutory rights. Accordingly, we reverse the judgment of the court of appeals and remand for further proceedings consistent with this opinion.

## I. Facts and Procedural History

¶2 Petitioner Victor England was a truck driver for Amerigas Propane ("Amerigas"). He filed a workers' compensation claim after sustaining a serious injury to his shoulder in December 2012 while making a delivery for Amerigas. England underwent two surgeries in the first half of 2013 to repair his shoulder.

¶3 In July 2013, Amerigas's physician reported that England should reach maximum medical improvement ("MMI") in two or three months. England was still in pain after the second surgery, but believing that the pain was part of the recovery process and would subside as he healed, he agreed in September 2013 to settle his workers' compensation claim for $35,000.

---

[1] Specifically, we granted certiorari to review the following issue:

> Whether the court of appeals erred as a matter of law in interpreting the mandatory form settlement documents promulgated by the Division of Workers' Compensation to waive an injured employee's statutorily protected right to reopen a settlement based on mutual mistake of material fact.

¶4 England's claim was governed by the Colorado Workers' Compensation Act, §§ 8-40-101 to 8-47-209, C.R.S. (2016) ("Act"), which requires that settlements between employer and employee must be written, signed by both sides, and approved by the Director or an administrative law judge ("ALJ"). § 8-43-204(2)–(3). Pursuant to section 8-43-204, the Director has promulgated a form settlement agreement ("Form"), which the parties are required to use to settle all claims. 7 Code Colo. Reg. 1101-3:9 (2016). In the instant case, the parties' settlement agreement was consistent with the Form, including, as relevant here, paragraphs four and six. Paragraph four, which incorporated the mutual mistake of material fact doctrine from section 8-43-204(1), provided for the right to reopen the settlement based on a mutual mistake of material fact, and paragraph six waived England's right to compensation for any "unknown injuries." The Director approved the settlement as required by section 8-43-204(3).

¶5 England's pain continued after the settlement agreement was signed and approved. In October 2013, he sought further medical evaluation, which revealed a previously undiagnosed stress fracture in the scapula (shoulder blade) of England's injured shoulder. Up to this point, no one was aware that this fracture existed. England claims that if he had been aware of this fracture, he would not have settled his claim.

¶6 England filed a motion to reopen the settlement on the ground that the newly discovered scapular fracture was a mutual mistake of material fact that justified reopening his workers' compensation claim. Upon reviewing the motion, an ALJ found: (1) none of the parties could have known about the scapular fracture when the claim was settled, and the parties instead believed that England was merely

4

experiencing recovery pain on his way to MMI, when in actuality he had "an undisclosed and undiagnosed scapula[r] fracture"; (2) the scapular fracture was caused by a screw that was inserted into England's scapula during the second of his two pre-settlement shoulder surgeries; (3) the scapular fracture existed when the claim was settled; (4) the scapular fracture was material because it necessitated more surgeries, it still had not been resolved, and it prevented England from returning to work; and (5) if England had been aware of the fracture in his scapula, he would not have settled his workers' compensation case. Based on these findings, the ALJ concluded that the parties' ignorance as to the scapular fracture constituted a mutual mistake of material fact, granted England's motion to reopen, and awarded England temporary total disability benefits starting on the date of the settlement. A panel of the Industrial Claim Appeals Office ("ICAO") affirmed.

¶7    In a published, unanimous decision, a division of the court of appeals reversed. Amerigas Propane v. Indus. Claim Appeals Office, 2016 COA 65, ___ P.3d ___, reh'g denied (May 26, 2016). The division concluded that although paragraph four of the settlement agreement provided for the right to reopen a settlement based on a mutual mistake of material fact, "unknown injuries" as defined in paragraph six were carved out of the definition of mutual mistake of material fact. Id. at ¶ 33. The scapular fracture, according to the division, fell within the category of "unknown injuries" defined in paragraph six because it was caused by a surgery to address England's original injury. Id. at ¶ 35. Therefore, the division concluded, the scapular fracture could not serve as a basis for reopening the settlement. Id. We granted certiorari.

## II. Standard of Review

¶8 Like other statutes, provisions in the Act are interpreted de novo. Williams v. Kunau, 147 P.3d 33, 36 (Colo. 2006). Additionally, interpretation of the language of a settlement agreement is a question of law which we also review de novo. See Ad Two, Inc. v. City & Cty. of Denver, 9 P.3d 373, 376 (Colo. 2000); Moland v. Indus. Claim Appeals Office, 111 P.3d 507, 510 (Colo. App. 2004).

## III. Analysis

¶9 We begin by providing an overview of the relevant portions of both the Act and the Form. We then conclude that a provision in the Form cannot waive an injured employee's statutory right under section 8-43-204(1) of the Act to reopen a settlement based on a mutual mistake of material fact. Finally, we determine that a mutual mistake of material fact was established in this case, and consequently, England retains the right to reopen his claim.

### A. The Workers' Compensation Act and the Director's Form

¶10 The Act governs employers' payments of compensatory benefits to employees who have suffered work-related injuries. Whiteside v. Smith, 67 P.3d 1240, 1245 (Colo. 2003). As discussed above, the Act allows an employer and employee to settle an employee's injury claim, but the settling parties must use the promulgated Form and cannot modify its language. 7 Code Colo. Reg. 1101-3:9 (2016). Instead, the parties may

only fill in their names, the date of injury, a description of the injury, and the amount of the settlement.[2]  See Form WC104, Colo. Dep't of Labor & Emp't (June 2016).

¶11     Two paragraphs of the Form are relevant to our analysis today: paragraph four and paragraph six.  Paragraph four, in relevant part, states:  "The parties stipulate and agree that this claim will never be reopened except on the grounds of fraud or mutual mistake of material fact."  Id. at ¶ 4.  This paragraph incorporates the statutory right to reopen a workers' compensation claim as provided by section 8-43-204(1) of the Act.  That statutory provision states that a settlement agreement may be reopened "on the ground of fraud or mutual mistake of material fact," even where the agreement otherwise provides that the claim "shall not be reopened."  § 8-43-204(1).

¶12     Paragraph six of the Form, in turn, contains a release of claims for "unknown injuries."  In full, this paragraph reads:

> [The injured employee] realizes that there may be unknown injuries, conditions, disease, or disabilities as a consequence of these alleged injuries or occupation diseases, including the possibility of a worsening of the conditions.  In return for the money paid or other consideration provided in this settlement [the injured employee] rejects, waives and FOREVER gives up the right to make any kind of claim for workers' compensation benefits against [the employer and its insurer(s)] for any such unknown injuries, conditions, diseases, or disabilities resulting from the injuries or occupational diseases, whether or not admitted, that are the subject of this settlement.

Form WC104, ¶ 6.  Neither section 8-43-204(1) nor any other provision in the Act mandates such a release.

---

[2] The parties may insert additional terms in paragraph nine, but they cannot alter or delete the existing language in the other paragraphs.

¶13     The crux of this case is whether the language in paragraph six waives or limits an employee's statutory right under section 8-43-204(1) to reopen based on mutual mistake of material fact as provided in paragraph four. We now turn to this question.

## B. The Section 8-43-204(1) Right to Reopen

¶14     As noted above, section 8-43-204(1) clearly provides that workers' compensation claim settlements can be reopened "on the ground of fraud or mutual mistake of material fact." However, the Form cannot waive statutory rights and must yield to the statute. See Monfort Transp. v. Indus. Claim Appeals Office, 942 P.2d 1358, 1360 (Colo. App. 1997) (holding that any agency rule which conflicts with a statute is void). Therefore, in order to remain a valid provision of the Form, paragraph six must be interpreted in such a way as to be consistent with the statute.

¶15     To reach this conclusion, we first consider our decision in Padilla v. Industrial Commission, 696 P.2d 273 (Colo. 1985). In that case, Padilla and his employer settled Padilla's work-related injury claim. Id. at 275. The settlement agreement broadly released "any and all claims . . . of any kind or nature whatsoever, known and unknown" relating to the work-related injury. Id. The agreement also stated that Padilla was "forever" precluded from bringing additional claims. Id. The Director approved the agreement. Id. One year later, under the then-existing version of the Act, Padilla moved to reopen his settled claim on the ground of mistake because his condition had worsened.[3] Id. The ALJ denied the motion to reopen, holding that the

---

[3] When Padilla executed the settlement, the version of section 8-43-204 in effect at that time was silent about whether claims resolved by settlement could be reopened.

settlement agreement had waived any right to reopen. Id. at 276. The ICAO and the court of appeals both affirmed the ALJ. Id.

¶16     We reversed the court of appeals' denial of Padilla's request to reopen, holding that: (1) although no section of the Act expressly provided for reopening a claim that had been settled, the Act's sections allowing formally adjudicated claims to be reopened should also apply to settled claims, id. at 276, 279–80; and (2) a settlement agreement could not waive the statutory right to reopen a claim, id. at 280–81. In support of the latter conclusion, we reasoned that the agreement's waiver provisions must yield to "the very purposes of the Act and the policy expressed by [the Act's] reopening provisions." Id. Specifically, we noted that the overall purpose of the Act is the "beneficent" purpose of compensating injured workers; consequently, the Act's "provisions are to be interpreted liberally in favor of the right of injured workers." Id. at 276–77. Additionally, the Act's sections allowing formally adjudicated claims to be reopened "indicate a strong legislative policy to the effect that in workers' compensation cases the goal of achieving a just result overrides the interest of litigants in achieving a final resolution of their dispute," id. at 278, and the same statutory sections "represent a strong public policy" to reopen closed claims, id. at 279, "regardless of the manner in which the case was resolved," id. at 280.

¶17     In response to Padilla, the General Assembly amended the Act to preclude reopening a settled claim if the settlement agreement had waived the right to reopen.

However, other sections of the Act provided that claims resolved by formal agency action could be reopened, for various reasons specified in those sections. See § 8-43-303, C.R.S. (2016).

9

<u>See</u> Ch. 77, sec. 2, § 8-53-105, 1985 Colo. Sess. Laws 355, 355.  However, as amended and as relevant here, the Act in section 8-43-204(1) allowed full and final settlements to be reopened in cases involving either (1) fraud or (2) mutual mistake of material fact. Therefore, the effect of the amendment was to restrict <u>Padilla</u>'s scope to these two grounds for reopening a settlement.  As such, <u>Padilla</u>'s reasoning still applies to these two grounds, which are rooted in the Act.  Thus, <u>Padilla</u>'s holding—that workers' compensation claims resolved by settlement agreement may be subsequently reopened even if the settlement agreement waived claims for unknown injuries—remains in force in cases of mutual mistake of material fact.  Accordingly, we hold that paragraph six of the Form cannot waive or limit an employee's statutory right to reopen his claim, incorporated into paragraph four, on the ground of mutual mistake of material fact.

¶18    Instead, we conclude that paragraph six must be interpreted in such a way as to be consistent with the statute.  To do so,  we hold that paragraph six applies only to those "unknown injuries" that develop after a settlement agreement is signed and approved and paragraph four applies only to those injuries that constitute a "mutual mistake of material fact" and are unknown and existing before the settlement agreement is signed and approved.  This interpretation gives full effect to each paragraph without generating any conflict between the paragraphs.  It also is consistent with the principle discussed below that the doctrine of mutual mistake does not apply to a future fact.

### C. Mutual Mistake of Material Fact in This Case

¶19     Here, there was a mutual mistake of material fact that provides England a right to reopen his claim under paragraph four.  The doctrine of mutual mistake provides that "an agreement founded in a mutual mistake of facts that are the very basis of the contract will void the contract."  Carpenter v. Hill, 283 P.2d 963, 965 (Colo. 1955).  A mutual mistake voids the contract because the contracting parties' mutual mistake prevented the true meeting of the minds needed to form a contract.  17A Am. Jur. 2d Contracts § 201 (2016).

¶20     The doctrine of mutual mistake has three primary criteria.  First, the mistake must be mutual, meaning "both parties must share the same [factual] misconception."  Cary v. Chevron, 867 P.2d 117, 118 (Colo. App. 1993).  Second, the mistaken fact must be material, meaning that it is a fact which goes to "the very basis of the contract."  Carpenter, 283 P.2d at 965.  In other words, the mistake of fact must relate to a material aspect of the contract such that, but for the mistake, the party seeking rescission would not have entered the contract.  See Reliance Fin. Corp. v. Miller, 557 F.2d 674, 679 (9th Cir. 1977) ("The court must be satisfied, that but for the mistake the complainant would not have assumed the obligation from which he seeks to be relieved." (quoting Roller v. Cal. Pac. Title Ins. Co., 206 P.2d 694, 699 (Cal. App. 1949))).  Third, the mistaken fact must be a past or present existing one, as opposed to "a fact to come into being in the future."  Hailpern v. Dryden, 389 P.2d 590, 593 (Colo. 1964).

¶21     In the instant case, the parties were mutually mistaken about a material fact at the time they signed the settlement agreement, namely England's unknown but existing

11

scapular fracture. As the ALJ found, the mistake was mutual because both parties were unaware of the scapular fracture and instead believed that England was only experiencing recovery pain. The mistaken fact was material because England would not have settled if he had known of the scapular fracture. And it was a present existing fact because the scapular fracture existed at the time the settlement agreement was signed. Thus, England retains the right to reopen his claim based on mutual mistake of material fact.

## IV. Conclusion

¶22 We hold that paragraph six of the Form cannot waive or limit an employee's statutory right to reopen a claim, incorporated into paragraph four, on the ground of mutual mistake of material fact. Thus, we interpret paragraph six to be consistent with section 8-43-204(1) and conclude paragraph six applies only to those "unknown injuries" which develop after a settlement agreement is signed and approved. We also conclude that a mutual mistake of material fact was established in this case and therefore under paragraph four England has the right to reopen his claim on this basis. We therefore reverse the judgment of the court of appeals and remand for further proceedings consistent with this opinion.